IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT D. NANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-432-D ) |
| INNOVASIS, INC., | ) ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 53 and 58], which are fully briefed and at issue.

This products liability case concerns an alleged failure of cervical screws implanted in Plaintiff during anterior cervical fusion surgery performed on April 21, 2009. Plaintiff alleges that a design defect caused four of the screws to fracture, requiring revision surgery on November 17, 2009. Each party seeks to prohibit the other from introducing evidence and argument regarding certain matters during the jury trial, primarily on grounds that the matters are irrelevant under Rule 401, Fed. R. Evid., or unduly prejudicial under Rule 403.

**A.    Plaintiff's Motion**

Plaintiff seeks to exclude evidence regarding the following matters: Plaintiff's dependence on prescription pain medications, for which he received inpatient treatment in November, 2008; Plaintiff's alcohol dependence, for which he received outpatient treatment in February, 2009; Plaintiff's domestic violence against his wife; and evidence of the number of cervical screws Defendant has sold and the number of complaints of fractured screws it has received.

### 1.   Plaintiff's Opioid and Alcohol Dependence

Plaintiff asserts that evidence of these matters is not relevant to any trial issue and, alternatively, should be excluded under Rule 403 as unduly prejudicial. Plaintiff concedes that substance abuse is a contraindication for cervical fusion procedures. However, he contends opioid prescriptions are commonly used by spinal fusion patients and do not fall within the general category of substance abuse. Plaintiff also argues he was not abusing alcohol at the time of his surgery and past alcohol dependence has no bearing on the lack of success of his first procedure.[1] Defendant responds generally that these matters are relevant because Plaintiff's drug dependence may have some bearing on his claim that he became disabled and unable to work due to his revision surgery, and because alcoholism affects bone healing and can explain a lack of success in spinal fusion.

Upon careful consideration, the Court agrees with Plaintiff that Defendant provides no persuasive argument as to the relevance of his past opioid dependence. On the other hand, the Court agrees with Defendant that Plaintiff's alcohol dependence, even if it did not continue after his surgery, is pertinent. Plaintiff admits that substance abuse, which includes alcohol, may be problematic in spinal fusion because it can affect nutrition and bone healing. The Court is not persuaded that the relevance of Plaintiff's treatment for alcoholism within two months of the first procedure is substantially outweighed by a risk of unfair prejudice. Plaintiff is free to present evidence, as argued in his brief, that he had successfully overcome his alcohol dependence and it had no affect on his bone fusion.

---

[1] Plaintiff relies on a medical record in which he reported to a provider his alcohol use in August, 2007; Plaintiff mistakenly argues that the report was made in August, 2009. *See* Pl.'s Mot., Ex. 8 [Doc. No. 58-8] at 1-7.

Accordingly, the Court declines to exclude evidence of Plaintiff's alcohol dependence, but evidence of past treatment for prescription opiate dependence is irrelevant and will be excluded.

### 2. Domestic Violence

Plaintiff was accused of domestic violence against his wife, and medical records indicate he was receiving counseling for domestic violence prior to his first cervical procedure. Plaintiff contends evidence of any prior incident of domestic violence is irrelevant and would be extremely prejudicial. Defendant does not address this specific argument in its response brief, but argues generally that domestic issues and marital problems are pertinent to Plaintiff's claim for emotional distress damages and the jury should be allowed to consider whether "other life stressors" may have contributed to Plaintiff's alleged pain and suffering. *See* Def.'s Resp. Br. [Doc. No. 62] at 3.

The Court does not understand Plaintiff's Motion to be directed at martial strife generally, but only to the precise issue of domestic violence. The Court finds that any domestic abuse or issues that predated the first surgery are irrelevant to any trial issue. Therefore, evidence and argument on this topic will be excluded.

### 3. Cervical Screws Sold and Complaints Received

Plaintiff contends the large number of screws Defendant manufactured or sold, compared to the small number of complaints received, should be excluded because this comparison would be misleading and the prejudicial effect of this information outweighs any probative value. Plaintiff's supporting argument is two-fold. First, Plaintiff contends Defendant never disclosed during discovery how many screws were actually sold or implanted in patients, so permitting Defendant to introduce that information at trial would amount to unfair surprise. Second, Plaintiff contends the number of complaints received "does not equate to the number of screws that actually fractured,"

so any inference to be drawn based solely on complaints received would be "highly speculative." *See* Pl.'s Mot. [Doc. No. 58] at 24-25. Defendant's response to these arguments is, first, Plaintiff did not press for evidence of the number of screws implanted during discovery and, second, the comparison is highly relevant to its defense of Plaintiff's claim of a design defect. Defendant concedes that surgeons do not always report a broken cervical screw, but contends that a lack of claims similar to Plaintiff's is analogous to an absence of similar incidents, which is admissible in products liability cases.

Upon consideration, the Court finds the evidence that Defendant proposes to introduce is relevant, and not misleading, if Defendant lays the proper evidentiary foundation, as argued in its brief. Defendant explains that the number of cervical screws actually implanted in patients can be determined from sales to hospitals, which only bill for screws actually used by surgeons. Also, assuming Defendant can identify similar claims it has received regarding the cervical screws at issue, the number of these claims would be relevant to Plaintiff's allegation of a design defect under the rationale of *Pandit v. American Honda Motor Co.*, 82 F.3d 376 (10th Cir. 1996). There, the court of appeals upheld the admission of evidence of an absence of similar accidents or claims, where the evidence involved use of a substantially similar product under sufficiently similar circumstances. *Id*. at 380.

Further, the Court finds that Defendant's failure to disclose the number of actual sales during discovery should not preclude the presentation of this evidence at trial. Plaintiff argues that one of his interrogatories called for this information, but Defendant lodged an objection to the interrogatory and never answered it. The sufficiency of Defendant's objection was an issue that Plaintiff could have pressed earlier, through a motion to compel or other proper motion. Plaintiff provides no factual basis for the argument in his reply brief that Defendant willfully withheld the information.

4

Accordingly, the Court finds that Defendant's proposed evidence should not be excluded on the basis of nondisclosure, assuming it is not presented in the form of a document that Defendant failed to timely disclose on its final exhibit list.

For these reasons, the Court finds that Plaintiff's Motion should be denied with respect to this issue.

**B.     Defendant's Motion**

Defendant seeks to exclude evidence and argument concerning three subjects:  discovery disputes; undisclosed expert opinions; and testimony by Plaintiff's expert economist, Dr. William Clark, regarding lost wages due to disability.  The parties' briefs reflect no issue regarding a lack of timely disclosure of expert opinions, and thus, this aspect of Defendant's Motion is moot.

**1.     Discovery Disputes**

Defendant anticipates that Plaintiff will argue at trial that Defendant has not produced certain documents.  In particular, Plaintiff complains in his response brief that Defendant never produced the "Design History File" for the subject screws.  *See* Pl.'s Resp. Br. [Doc. No. 63] at 7-10.  Plaintiff argues that Defendant's willful failure to produce documents pertinent to his claim of a design defect has hampered his ability to prove the claim, and the jury should be informed about the lack of production.

As with the alleged insufficient interrogatory answer discussed above, Plaintiff provides no factual support for his assertion that Defendant has willfully withheld pertinent documents.  To the contrary, Plaintiff recites facts regarding the parties' efforts to resolve a discovery dispute regarding these documents that support Defendant's position that such evidence is irrelevant and would simply mislead and confuse the jury.  Plaintiff reports a meeting between counsel in which Defendant stated

that many of the design documents had already been produced, and that locating and gathering the documents constituting the entire "Design History File" would be burdensome. *See id.* at 9. Although defense counsel reportedly agreed to work cooperatively to resolve the issue, no further production was made, and Plaintiff elected not to file a motion to compel because he remained "optimistic" the file would be produced. *See id.* at 10. The failure of Plaintiff's counsel to press the issue was a strategic litigation decision. Plaintiff's suggestion that Defendant engaged in litigation misconduct is unwarranted, and should not be argued to the jury.

In short, the Court finds that Plaintiff's accusation of misconduct is unfounded and irrelevant to the trial issues. Further, any relevance is substantially outweighed by the risk of confusing jurors who presumably have little or no knowledge or understanding of discovery procedures. Therefore, Defendant's Motion will be granted as to this evidence.

**2.    Dr. Clark's Opinion**

Defendant does not challenge the reliability of Dr. Clark's expert opinion regarding Plaintiff's economic losses. Instead, Defendant contends the opinion is inadmissible because it lacks a proper foundation; it assumes Plaintiff became disabled from work as a result of his revision surgery. In response, Plaintiff argues that he will lay a proper foundation at trial for this assumption. These arguments do not present an issue capable of resolution before trial. The admissibility of Dr. Clark's opinion will depend on the trial evidence, and Defendant's Motion must be denied with respect to this issue.

**Conclusion**

The Court rules on the evidentiary issues presented by the parties' motions in limine as set forth above. Briefly summarized, and subject to the requirements of the Federal Rules of Evidence, the Court's rulings are as follows:

Plaintiff's dependence on prescription pain medications – Inadmissible;

Plaintiff's alcohol dependence – Admissible;

Plaintiff's past domestic violence – Inadmissible;

Defendant's number of cervical screws sold and complaints received – Admissible;

Discovery disputes – Inadmissible;

Dr. Clark's opinions – To be determined at trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 58] is GRANTED in part and DENIED in part, as set forth herein; Defendant's Motion in Limine [Doc. No. 53] is GRANTED in part and DENIED in part, as set forth herein

IT IS SO ORDERED this 29th day of March, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE